UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-099ML |
| | : | |
| DENNIS MARROW | : | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, DENNIS MARROW have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Counts 1 and 2 of the Indictment, which charge him with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846 (Count 1); and, possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2).

b. The Defendant agrees that he will not seek to vacate any prior criminal convictions, including, but not limited to, his 1993 conviction for possession of cocaine (criminal information no. P2-1993-3249A), his 1994 conviction for manufacture, delivery, and/or possession with intent to deliver a controlled substance (criminal information no. P2-1994-2554A), and his 1998 conviction

for manufacture, delivery, and/or possession with intent to deliver a controlled substance (criminal information no. P2-1998-0253A).

c. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

(i) Defendant will meet with government representatives as often as necessary and provide complete and truthful information to them.

(ii) Defendant will appear and testify completely and truthfully in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings.

(iii) Defendant understands that any and all statements, information, and testimony Defendant provides must at all times be complete and truthful. If, at any time, Defendant wilfully provides any false statement, information, or testimony, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the

mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. If however, the defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if the defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, the defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless the defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees that it will file a sentencing enhancement information pursuant to 21 U.S.C. § 851 referencing only one of the defendant's prior felony drug convictions, thereby making the defendant subject to a twenty year mandatory minimum

sentence on both Counts 1 and 2. The defendant understands that, based upon his three prior felony drug convictions, if the government did file the sentence enhancement information referencing two or more of the defendant's prior felony drug convictions, he would be subject to a mandatory life sentence on both Counts 1 and 2.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The substance involved in Counts 1 and 2 of the indictment is cocaine base in the form of crack cocaine and the government would have proven that fact beyond a reasonable doubt.

b. The total net weight of the cocaine base in the form of crack cocaine involved in Counts 1 and 2 of the Indictment is 191.2 grams, which is an amount of at least 150 grams but less

than 500 grams, and the government would have proven those facts beyond a reasonable doubt.

c. The co-defendant possessed $2600.00 in United States currency on August 16, 2005, which constituted relevant conduct that is part of the same course of conduct alleged in the Indictment pursuant to § 1B1.3(a)(2). Furthermore, the government would have proven those facts beyond a reasonable doubt.

d. The street value for a gram of cocaine base in the form of crack cocaine as of August 16, 2005 was $75 per gram, meaning that the $2600.00 is the equivalent of 40 grams of cocaine base in the form of crack cocaine for sentencing purposes pursuant to § 2D1.1, comment (n.12).

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and the defendant reserve their rights to argue and present evidence on all other matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which defendant is pleading are as follows:

Count 1 - Life imprisonment, with a mandatory minimum term of twenty years imprisonment; a fine of $8,000,000; a term of supervised release of life, with a mandatory minimum term of ten years; and, a mandatory special assessment of $100.

Count 2 - Life imprisonment, with a mandatory minimum term of twenty years imprisonment; a fine of $8,000,000; a term of supervised release of life, with a mandatory minimum term of ten years; and, a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which the defendant is pleading guilty are life imprisonment, with a minimum mandatory term of twenty years imprisonment; a fine of $16,000,000; and a term of supervised release of life, with a minimum mandatory term of ten years. The mandatory special assessment totals $200.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that he gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that he could request DNA testing of such evidence in this case prior to any finding of guilt against him. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, the defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, the defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never

have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than the defendant expects, he will not be allowed to withdraw his pleas of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court.

Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if the defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, the defendant shall not have the right to withdraw his guilty pleas.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for the defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to the defendant, and states that to the best of Counsel's knowledge and belief, the defendant understands the agreement.

18. Defendant states that he has read the agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

DENNIS MARROW
Defendant

12-22-05
Date

STEVEN D. DILIBERO, Esquire
Counsel for Defendant

12/21/05
Date

STEPHANIE S. BROWNE
Assistant U.S. Attorney

27 Dec 05
Date

MARY E. ROGERS
Chief, OCDETF
Assistant U.S. Attorney

12-27-05
Date

DEC 20 2005